UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ALONZO LITCHMORE,                    : 11 Civ. 07546 (DAB) (JCF)
                                     :
          Plaintiff,                 :      REPORT AND
                                     :      RECOMMENDATION
    - against -                      :
                                     :
CORRECTIONAL SERGEANT WILLIAMS,      :
CORRECTION OFFICER C. DORR,          :
CORRECTION OFFICER "JOHN DOE 1,"     :
CORRECTION OFFICER JOHN DOE 2,"      :
SUPERINTENDENT P. HEATH,             :
                                     :
          Defendants.                :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

     Alonzo Litchmore brings this action pro se pursuant to 42

U.S.C. § 1983 ("Section 1983") against Correctional Sergeant

Richard Williams, Corrections Officer Chris Doerr (sued herein as

"Correction Officer C. Dorr"), Superintendent Philip D. Heath, and

two unidentified corrections officers.  Mr. Litchmore alleges that,

while he was incarcerated at the Sing Sing Correctional Facility

("Sing Sing"), Officer Doerr and two unidentified officers used

excessive force against him on June 3, 2011, following a visual

body inspection and strip frisk.  The defendants now move for

summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on the grounds that: (1) the plaintiff did not exhaust

his available administrative remedies for his claims; and (2)

Superintendent Heath and Sergeant Williams were not personally

involved in the alleged excessive use of force incident.  For the

reasons that follow, the defendants' motion should be granted.

Background[1]

    A.   Excessive Use of Force

    On June 3, 2011, while the plaintiff was returning from the

---

[1] Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") requires a motion for summary judgment to be accompanied by a statement of the material facts that the movant believes undisputed, with citations to admissible evidence.  Local Civil Rule 56.1(a) & (d).  The party opposing summary judgment must submit, with his opposition, a statement responding to each of the proposed undisputed facts, also with citations to admissible evidence.  Local Civil Rule 56.1(b) & (d).  The plaintiff did not submit a Local Civil Rule 56.1 statement with his papers opposing the defendants' motion.  Nevertheless, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," and a court "may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file [a Local Civil Rule 56.1] statement."  Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (quoting Monahan v. New York City Department of Corrections, 214 F.3d 275, 292 (2d Cir. 2000)).  Where the court's independent review of the record yields evidence contrary to a given assertion in the moving party's Local Civil Rule 56.1 statement, or where a party fails to support an assertion by citing admissible evidence, the court may reject that assertion.  Id. at 73-74.  Conversely, where the moving party's Local Civil Rule 56.1 statement is not contradicted by the court's review of the record, then the party's assertions will be "deemed admitted as a matter of law" for the purposes of a summary judgment motion.  Chitoiu v. UNUM Provident Corp., No. 05 Civ. 8119, 2007 WL 1988406, at *1 & n.1 (S.D.N.Y. July 6, 2007) (granting summary judgment against pro se plaintiff who failed to respond to defendant's Local Civil Rule 56.1 statement of facts).  My review of the record did not reveal any facts to contradict the relevant facts in the defendants' Rule 56.1 Statement.  Therefore, I have taken those facts recited below as true for the purposes of this motion.

recreation area at Sing Sing, Officer Doerr informed him that Sergeant Williams had authorized a visual body inspection and strip frisk. (Defendants' Statement Pursuant to Local Rule 56.1 ("Rule 56.1 Statement"), ¶ 2). The plaintiff was then taken to the staff bathroom, where the inspection and the frisk took place. (Rule 56.1 Statement, ¶ 3). The plaintiff claims that, after the search, Officer Doerr punched him in the face four times, an unidentified officer hit him in his ribs with a baton, and another unidentified officer pushed him to the floor and punched him in the back. (Rule 56.1 Statement, ¶ 4). He alleges that he suffered an abrasion to his face, permanent eye damage, and back and rib injuries. (Rule 56.1 Statement, ¶ 5).

B.   <u>Exhaustion</u>

On June 20, 2011, Mr. Litchmore filed Grievance #4934-11 pertaining to the alleged use of excessive force. (Rule 56.1 Statement, ¶ 11). Acting Superintendent William Keyser denied the grievance on July 14, 2011. (Rule 56.1 Statement, ¶ 12). The denial contained an "Appeal Statement," which stated,

> [I]f you wish to refer the above decision of the superintendent, please sign below and return this copy to <u>your inmate grievance clerk</u>. You have seven (7) days from receipt of this notice to file your appeal. Please state why you are appealing the decision to [the Central Office Review Committee ("CORC")]"

(Rule 56.1 Statement, ¶ 13) (emphasis in original).

The plaintiff received the denial on July 25, 2011, at Auburn Correctional Facility ("Auburn") to which he had been transferred. (Rule 56.1 Statement, ¶ 14). He claims that he sent an appeal to the grievance supervisor at Auburn, who then directed him to send it to Sing Sing. (Rule 56.1 Statement, ¶ 15); N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(h)(2) (transferred inmate may appeal by sending appeal form to grievance supervisor of facility where grievance was filed). He alleges that he sent the appeal to Sing Sing to be forwarded to CORC on July 31, 2011. (Notice of Motion in Opposition With Affidavit in Support of Motion ("Pl. Memo.") at 2).

However, CORC has no record of an appeal for Grievance #4934-11 or for any other grievance filed by the plaintiff. (Rule 56.1 Statement, ¶ 28; Declaration of Jeffery Hale dated Dec. 18, 2012 ("Hale Decl."), ¶ 7). In addition, Sing Sing has no record of ever receiving the plaintiff's appeal. (Rule 56.1 Statement, ¶ 26; Letter of William Keyser dated June 12, 2012 ("Keyser Letter"), attached as Exh. G to Counsel's Declaration of Jason M. Clark dated Dec. 21, 2012 ("Clark Decl."))

While acknowledging that "CORC did not receive [his] grievance or [] appeal," the plaintiff claims that Sing Sing "got [his appeal] and obstructed it." (Deposition of Alonzo Litchmore dated Nov. 8, 2012 ("Litchmore Dep"), attached as Exh. A to Clark Decl.,

4

at 126-27). However, the plaintiff has not submitted a copy of the appeal, any record to show that he actually mailed the appeal, or any evidence to show that staff at Sing Sing tampered with or destroyed his appeal.

The only evidence that the plaintiff provides are numerous letters he sent to and received from various New York State Department of Corrections and Community Supervision ("DOCCS") officials dated between October 1, 2011, and June 29, 2012. (Rule 56.1 Statement, ¶¶ 19-20, 23-26). He sent several letters to the grievance supervisor at Sing Sing, the Director of Inmate Grievance Program, the Deputy Commissioner, and the Superintendent of Sing Sing, inquiring into the status of his appeal. (Rule 56.1 Statement, ¶¶ 19, 23, 25). CORC informed the plaintiff -- on October 26, 2011, and June 29, 2012 -- that CORC never received any appeal from the plaintiff (Rule 56.1 Statement, ¶¶ 20, 24), and the Acting Superintendent of Sing Sing informed the plaintiff on June 12, 2012, that Sing Sing never received an appeal from him (Rule 56.1 Statement, ¶ 26).

Discussion

    A.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009), and a material fact is one that "'might affect the outcome of the suit under the governing law.'" Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248). In assessing the record to determine whether there is a genuine issue of material fact, the court "must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006).

The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), following which the opposing party must come forward with specific facts showing a genuine issue for trial. The parties can support their claims with discovery materials, stipulations, affidavits, or other evidence, see Fed. R. Civ. P. 56(c)(1)(A); however, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,'" Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (quoting Raskin v. Wyatt Co., 125

F.3d 55, 66 (2d Cir. 1997)).  Thus, the parties cannot rely on "'conclusory allegations or unsubstantiated speculation'" to support or defeat a motion for summary judgment.  <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 554 (2d Cir. 2005) (quoting <u>Fujitsu Ltd. v. Federal Express Corp.</u>, 247 F.3d 423, 428 (2d Cir. 2001)).

Where a litigant is <u>pro</u> <u>se</u>, his pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest.'"  <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2d Cir. 1999) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)); <u>accord</u> <u>Belpasso v. Port Authority of New York and New Jersey</u>, 400 F. App'x 600, 601 (2d Cir. 2010).  Nevertheless, proceeding <u>pro</u> <u>se</u> does not relieve a litigant from the usual requirements of summary judgment, and a <u>pro</u> <u>se</u> party's "'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment."  <u>Lee v. Coughlin</u>, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting <u>Carey v. Crescenzi</u>, 923 F.2d 18, 21 (2d Cir. 1991)).

B.  <u>Exhaustion</u>

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all available administrative remedies prior to filing suit in federal court.  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

7

whether they allege excessive force or some other wrong." <u>Porter</u> <u>v. Nussle</u>, 534 U.S. 516, 532 (2002).  If all administrative remedies are not exhausted, the claims may not be pursued in federal court. <u>Amador v. Andrews</u>, 655 F.3d 89, 96 (2d Cir. 2011).

Sufficient exhaustion requires full compliance with the procedural rules of the local administrative agency. <u>See</u> <u>Espinal</u> <u>v. Goord</u>, 558 F.3d 119, 124 (2d Cir. 2009) ("'[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.'" (quoting <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007))).  Compliance necessitates "using all steps that the agency holds out, and doing so properly." <u>Amador</u>, 655 F.3d at 96 (internal quotation marks omitted).  In this case, the plaintiff -- an inmate at Sing Sing -- was required to comply with the DOCCS' three-step Inmate Grievance Program ("IGP") prior to filing his complaint. <u>Varley v. Wright</u>, No. 02 Civ. 1182, 2007 WL 2822199, at *6 (S.D.N.Y. Sept. 27, 2007).

This process requires an aggrieved inmate to: (1) file a grievance with the Inmate Grievance Resolution Committee ("IGRC"); (2) appeal, if he disagrees with the IGRC's decision, to the superintendent of the facility; and (3) seek review of the superintendent's decision, if it is adverse, with CORC. N.Y. Comp. Codes R. & Regs. ("NYCRR") Tit. 7, § 701.5; <u>see also</u> <u>Espinal</u>, 558 F.3d at 125.  An inmate must file his grievance within twenty-one

8

days of the incident at issue.  7 NYCRR § 701.5(a)(1).  An appeal

to the superintendent must be submitted within seven days after

receipt of the IGRC's written response, 7 NYCRR § 701.5(c)(1), and

an appeal to CORC must be submitted within seven days after receipt

of the superintendent's written response, 7 NYCRR § 701.5(d)(1)(i).

If the inmate alleges staff misconduct, an expedited grievance

procedure is employed, and the inmate can bypass the IGRC and file

directly with the superintendent.  7 NYCRR §§ 701.5(a)(2), 701.8.

Here, the defendants claim that Mr. Litchmore failed to

exhaust available administrative remedies by failing to appeal the

decision of the superintendent to CORC.  (Memorandum of Law in

Support of Defendants' Motion for Summary Judgment ("Def. Memo.")

at 7).  Mr. Litchmore's own acknowledgment and the records from

CORC support this.  (Litchmore Dep. at 126-29; Hale Decl., ¶ 7).

Accordingly, because the plaintiff filed the complaint before the

matter has been appealed and decided by the highest body provided

by the administrative process, he has not fully exhausted his

claim.  See Booth v. Churner, 532 U.S. 731, 735 (2001).

Failure to comply with the exhaustion requirement is only

excused where:

> (1) administrative remedies are not available to the
> prisoner; (2) defendants have either waived the defense
> of failure to exhaust or acted in such as way as to estop
> them from raising the defense; or (3) special
> circumstances, such as a reasonable misunderstanding of

the grievance procedures, justify the prisoner's failure
to comply with the exhaustion requirement.

Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006)
(citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).
This three-step analysis "recognize[s] certain caveats to the
strict application of the exhaustion requirement," and requires
"district courts to perform a fairly extensive analysis whenever a
plaintiff advances a plausible reason for his failure to comply
with [the grievance system's] procedural requirements." Curry v.
Mazzuca, No. 05 Civ. 1542, 2006 WL 250487, at *6 (S.D.N.Y. Feb. 2,
2006).

   1.   Availability of Administrative Remedies

   "'The test for deciding whether the ordinary grievance
procedures were available must be an objective one: that is, would
a similarly situated individual of ordinary firmness have deemed
them available.'" Macias v. Zenk, 495 F.3d 37, 45 (2d Cir. 2007)
(quoting Hemphill, 380 F.3d at 688). Here, DOCCS had in place a
well-established administrative grievance process, which clearly
made administrative remedies available to Mr. Litchmore at the
outset. The plaintiff also admitted that he is "familiar with the
three steps as part of filing a grievance from the grievance
committee to the superintendent, all the way up to Albany CORC."
(Litchmore Dep. at 138).

Mr. Litchmore appears to argue that administrative remedies were unavailable because his appeal was "obstructed" by staff at Sing Sing. (Litchmore Dep. at 126-27). He attributes his apparent nonexhaustion to some "evident[] . . . malfeasance" because he allegedly handed his appeal to a prison official to be mailed. (Pl. Memo. at 1). However, there is no evidence here that the plaintiff's appeal was actually mailed, intercepted, or ignored. Mr. Litchmore has adduced no copy of his appeal, no evidence of his mailing the appeal, and no evidence of any particular officer's misconduct. DOCCS has no record of any appeal filed with CORC, and Sing Sing has no record of receiving any appeal from Mr. Litchmore. (Keyser Letter; Hale Decl., ¶ 7).

Under such circumstances, there is not a sufficient basis in the record to find that administrative remedies were unavailable. See, e.g., Davis v. Torres, No. 10 Civ. 308, 2011 WL 3918098, at *6 (S.D.N.Y. Aug. 29, 2011) (rejecting plaintiff's claim that administrative remedies were unavailable where plaintiff provided no evidence of tampering and record shows no evidence of plaintiff filing grievance); Curry, 2006 WL 250487, at *7 (rejecting plaintiff's claim that administrative remedies were unavailable where "there [was] no evidence whatsoever that such a grievance was actually filed with a grievance clerk or ignored by prison officials grievance"); Veloz v. New York, 339 F. Supp. 2d 505, 516

(S.D.N.Y. 2004) (holding that without evidence that grievances were filed, and without evidence "that any particular officer thwarted [the plaintiff's] attempts to file," plaintiff's contention that "the practice of destroying or misplacing grievances must have been the cause of his grievances being lost" is unsupported (internal quotation marks omitted)); <u>Nunez v. Goord</u>, 172 F. Supp. 2d 417, 429 (S.D.N.Y. 2001) (finding that where defendants submitted evidence that there was no record of grievance reaching the superintendent, plaintiff's allegations that his grievances were lost or destroyed "stand alone and [are] unsupported").   Thus, administrative remedies were available to the plaintiff.

> 2.   <u>Estoppel</u>

A prisoner may invoke the doctrine of estoppel if the defendant waived the defense of exhaustion of administrative remedies, <u>Hemphill</u>, 380 F.3d at 686, or took some affirmative action to prevent the plaintiff's compliance with administrative procedures, <u>Ruggiero</u>, 467 F.3d at 178.   "Some such affirmative actions include beating, denying grievance forms and writing implements, and threatening retaliation." <u>Verrilli v. Winchell</u>, No. 1:09-CV-837, 2010 WL 3909065, at *3 (N.D.N.Y. Sept. 29, 2010).

To the extent that the plaintiff claims that the defendants are estopped from raising the nonexhaustion defense by their obstruction of his appeal, his argument is unsupported.   As

12

discussed, he has provided no evidence, other than his conclusory statement, that he mailed the appeal or that it was intercepted. Courts in this Circuit have found similar allegations insufficient to excuse a failure to exhaust. <u>See, e.g.</u>, <u>Bennett v. James</u>, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010) (rejecting claim of estoppel where plaintiff "does not provide the Court with any evidence to support a finding that defendants acted to interfere with his ability to exhaust"); <u>Butler v. Martin</u>, 9:07-CV-521, 2010 WL 980421, at *5 (N.D.N.Y. March 15, 2010) (stating that "[e]ven if, as alleged, Plaintiff's grievances were discarded, Plaintiff offers no evidence that a particular officer discarded the grievances"); <u>Harrison v. Goord</u>, No. 07 Civ. 1806, 2009 WL 1605770, at *7 (S.D.N.Y. June 9, 2009) (finding plaintiff's allegation that his mail was tampered with insufficient to excuse his failure to exhaust, where plaintiff provided no evidence that his mail was ever opened or tampered with, or that defendants even had access to his mail); <u>Winston v. Woodward</u>, 05 Civ. 3385, 2008 WL 2263191, at *9 (S.D.N.Y. May 30, 2008) (finding that defendants were not estopped from asserting failure to exhaust as affirmative defense where plaintiff did not provide any direct or substantial evidence to support his claim of mail tampering). Accordingly, the defendants are not estopped from raising a nonexhaustion defense.

### 3.  Special Circumstances

A  special  circumstance  is  "determined  by  looking  at  the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004).  "Findings of special circumstances  have  been  primarily  established  where  plaintiffs acted  pursuant  to  reasonable  interpretations  of  the  regulations, thus preventing exhaustion." Wintston, 2008 WL 2263191, at *10. Indeed,  "[a]bsent  an  allegation  by  the  inmate  that  his  failure  to exhaust  was  based  on  a  reasonable,  but  erroneous  interpretation  of prison  regulations,  the  special  exception  is  generally inapplicable." McDowell v. Metropolitan Correction Center, 08 Civ. 8239,  2010  WL  649744,  at  *7  n.4  (S.D.N.Y.  Feb.  22,  2010) (collecting  cases).  Here,  Mr.  Litchmore  does  not  make  such  an allegation, and I am not aware of any other special circumstances that excuse his non-compliance with the exhaustion requirement.

In  sum,  Mr.  Litchmore  has  failed  to  exhaust  available administrative  remedies.   Furthermore,  he  has  not  alleged  any conduct on the part of the defendants or any special circumstances that  would  excuse  this  failure.   Accordingly,  his  Section  1983 claim should be dismissed.  Because administrative remedies are no longer  available,  the  claim  should  be  dismissed  with  prejudice. Giano, 380 F.3d at 675 ("[D]ismissal with prejudice, when remedies

are no longer available, is required in the absence of any justification for not pursuing [such] remedies." (second alteration in original) (internal quotation marks omitted)).[2]

Conclusion

For the foregoing reasons, I recommend that the defendants' motion for summary judgment (Docket no. 32) be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 19, 2013

---

[2] Since I recommend granting the defendants' motion on the grounds that the plaintiff failed to exhaust his available remedies, I need not address the defendants' personal involvement argument.

15

Copies mailed this date:

Alonzo Litchmore
Din# 11-A-0774
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, New York 14871-2000

Frederick H. Wen, Esq.
Assistant Attorney General
120 Broadway
New York, NY 10271