```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ALONZO LITCHMORE,

                    Plaintiff,
                                          11 Civ. 7546 (DAB)(JCF)
          v.                                ADOPTION OF REPORT
                                            AND RECOMMENDATION

CORRECTIONAL SERGEANT WILLIAMS,
CORRECTION OFFICER C. DORR,
CORRECTION OFFICER "JOHN DOE 1,"
CORRECTION OFFICER JOHN DOE 2,"
SUPERINTENDENT P. HEATH,

                    Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.
```

On February 19, 2013, United States Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that Defendant Correctional Sergeant Richard Williams, Defendant Correction Officer Christopher Doerr, Defendant Correction Officer John Doe 1, Defendant Correction Officer John Doe 2, and Defendant Superintendent Philip Heath's (collectively, "Defendants") Motion for Summary Judgment be GRANTED.

The facts in this matter are meticulously detailed in Judge Francis' Report, and they will not be restated here. For the reasons set forth below, the Court having conducted the appropriate level of review, Judge Francis' Report shall be

ADOPTED in its entirety.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment.

I.    Objections to the Report and Recommendation

A.    Standard of Review of a Report and Recommendation

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions, including a motion for summary judgment.  28 U.S.C. § 636(b)(1)(B); accord Fed. R. Civ. P. 72(b)(1).  "Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C).  A court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record.  DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  DiPilato, 662 F.

Supp. 2d at 339 (internal quotation marks and ellipses omitted). After conducting the appropriate levels of review, a court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

While 28 U.S.C. § 636(b)(1) and Rule 72(b) give a court discretion to consider additional material that was not submitted to the magistrate judge, <u>Hynes v. Squillance</u>, 143 F.3d 653, 656 (2d Cir. 1998), a party has "no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate." <u>Pan Am. World Airways, Inc. v. Int'l Bros. of Teamsters</u>, 894 F.2d 36, 40 n.3 (2d Cir. 1990); <u>Paddington Partners v. Bouchard</u>, 34 F.3d 1132, 1138 (2d Cir. 1994) (upholding a court's refusal to consider a new affidavit submitted with a party's objections to the report); <u>Smith v. Marcellus</u>, 917 F. Supp. 168, 174 (W.D.N.Y. 1995) ("[A] district court will ordinarily refuse to consider <u>de novo</u> review arguments, case law, and/or evidentiary material which could have been, but was not presented to the magistrate judge.").

"Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judges consideration." <u>Hynes</u>, 143 F.3d at 656; <u>Morris v. Amalgamated Lithographers of Am., Local One</u>, 994 F. Supp. 161, 163 (S.D.N.Y. 1998) (discussing the policy rational for such militation);

**Nazario v. N.Y. State Dep't of Labor**, No. 01 Civ. 2347, 2003 WL 21399004, at *2 (S.D.N.Y. June 18, 2003) (same).  "Thus, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the magistrate judge."  **Azkour v. Little Rest Twelve, Inc.**, No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (quoting **Tavares v. City of New York**, No. 08 Civ. 3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011)).  Despite the general leniency accorded to **pro se** parties, **Howell v. Port Chester Police Station**, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010), courts generally do not allow **pro se** parties to litigate matters in their objections that were not presented to the magistrate judge.  **See, e.g., Sidney v. Caron**, No. 09 Civ. 1326, 2012 WL 4380392, at *6 (N.D.N.Y. Sept. 25, 2012); **Odom v. Kerns**, No. 99 Civ. 10668, 2008 WL 2463890, a *5 (S.D.N.Y. June 18, 2008); **Morgan ex rel. Morgan v. Barnhart**, No. 04 Civ. 6024, 2005 WL 2338709, at *1 (S.D.N.Y. 2005); **Nazario**, 2003 WL 21399004, at *3.

    B.   Plaintiff's Objection to the Report

Plaintiff filed a timely Objection to the Report in which he only objects to the Recommendation to grant Defendants' Summary

Judgment Motion on grounds that Plaintiff did not exhaust his administrative remedies available prior to filing a 42 U.S.C. § 1983 suit.[1]  (Obj. 1; Report 14.) Plaintiff now, for the first time, claims he is a entitled to the special circumstances exception because he requested an Inspector General Office ("IGC") investigation; the exception's applicability would excuse his failure to exhaust his administrative remedies.  (Obj. 1.) Although he had the opportunity to do so before Judge Francis, Plaintiff did not assert a special circumstances argument when he submitted his Opposition to Defendants' Motion for Summary Judgment to Judge Francis.[2]  Plaintiff offers no justification for failing to raise this argument previously.  Accordingly, the Court reviews the Report, including the unopposed recommendations and applicability of the special circumstances exception, for clear error.  <u>Amadasu v. Ngati</u>, No. 05 Civ. 2585, 2012 WL 3930386, at *6-7 (E.D.N.Y. Sept. 9, 2012).  Having found none, the court ADOPTS the Report in its entirety.

---

[1] **Defendants submitted an untimely and unhelpful response.**

[2] **Plaintiff requested an IGO investigation on October 1, 2011, fifteen months before filing his Memorandum in Opposition on January 10, 2013.  (Obj.'s Aff., Letter to IGO.)**

II.  Conclusion

Having conducted the appropriate level of review, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation of United States Magistrate Judge James C. Francis IV, dated February 19, 2013, be and hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety.  This action is hereby DISMISSED with prejudice.


SO ORDERED.

Dated:    New York, New York

          August, 5 2013


_____
          Deborah A. Batts
     United States District Judge